Timothy J. Preso (Montana Bar No. 5255)
Earthjustice
313 East Main Street, PO Box 4743
Bozeman, MT 59715-4743
tpreso@earthjustice.org
(406) 586-9699

Scott W. Stern (California Bar No. 336427)
Earthjustice
50 California Street, Suite 500
San Francisco, CA 94111
sstern@earthjustice.org
(415) 217-2117

Roger Flynn (Colorado Bar No. 21078)
Jeffrey C. Parsons (Colorado Bar No. 30210)
Western Mining Action Project
PO Box 349, 440 Main Street, Suite 2
Lyons, CO 80540
wmap@igc.org
(303) 823-5738

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patagonia Area Resource Alliance, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:23-cv-00280-JGZ |
| United States Forest Service, et al., | ) PLAINTIFFS' MOTION FOR |
| Federal Defendants, | ) INJUNCTION PENDING |
| and | ) APPEAL AND EXPEDITED |
| Arizona Standard, LLC, | ) RULING |
| Arizona Minerals, | ) |
| Defendant-Intervenors. | ) |

Pursuant to Federal Rule of Civil Procedure 62(d), Plaintiffs Patagonia Area Resource Alliance, et al., respectfully request that this Court grant an injunction pending appeal to prohibit implementation of the U.S. Forest Service's approval decisions for the Sunnyside Project and Flux Canyon Project pending resolution of plaintiffs' pending preliminary injunction appeal in this case. Plaintiffs also request expedited treatment of this motion because project development activities may commence as early as September 15, 2023 pursuant to an agreement reached among the parties. *See* ECF No. 15.

Undersigned counsel for Plaintiffs has conferred with opposing counsel about the relief requested in this motion.  The Federal Defendants, Arizona Minerals/South 32, and Arizona Standard, LLC, all stated that they oppose this motion.

The reasons this motion should be granted are as follows:

1. This Court on September 5, 2023 issued an order denying Plaintiffs' motion for a preliminary injunction to prohibit implementation of the Sunnyside and Flux Canyon Project approvals pending a final judgment in this case. *See* ECF No. 48.  On September 7, 2023, plaintiffs filed their Notice of Appeal of that order to the United States Court of Appeals for the Ninth Circuit. ECF No. 49.

2. Federal Rule of Civil Procedure 62(d) provides that this Court may grant an injunction "[w]hile an appeal is pending from an interlocutory order … that … refuses … an injunction."  Federal Rule of Appellate Procedure 8(a)(1) provides that "[a] party must ordinarily move first in the district court" for such relief.

3. In reviewing a motion for an injunction pending appeal, the court considers

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Humane Soc'y of U.S. v. Gutierrez*, 523 F.3d 990, 991 (9th Cir. 2008) (citation omitted). In this analysis, "the issues of likelihood of success and irreparable injury represent two

1

points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.* (citation omitted).

Further, as one court recently summarized, the fact that the district court denied a motion for an injunction does not foreclose that court's authority to stay operations while the appeals court considers plaintiffs' claims:

> Some courts have cautioned against "rigid" application of the likelihood of success factor when an injunction is sought pending appeal. "[I]f it were, an injunction would seldom, if ever, be granted 'because the district court would have to conclude that it was probably incorrect in its determination on the merits.'" *Protect Our Water v. Flowers*, 377 F. Supp. 2d 882, 884 (E.D. Cal. 2004) (quoting *Oregon Natural Res. Council v. Marsh*, Civ. No. 85-6433-E, 1986 WL 13440, *1 (D. Or. 1986)). "Such a result would not be consistent with the express language of Rule 62[d] which contemplates the possibility that the district court may grant an injunction pending appeal from an interlocutory order denying preliminary injunction." *Am. Beverage Ass'n v. City & Cty. of San Francisco*, No. 15-CV-03415-EMC, 2016 WL 9184999, at *2 (N.D. Cal. June 7, 2016). Where a district court has "'ruled on an admittedly difficult legal question and when the equities of the case suggest that the status quo should be maintained[,]'" *Protect Our Water*, 377 F. Supp. 2d at 884 (quoting *Wash. Metro. Area v. Holiday Tours*, 559 F.2d 841, 844 (D.C. Cir. 1977)), "an injunction pending appeal may be appropriate, even if the Court believed its analysis in denying preliminary injunctive relief is correct." *Am. Beverage Ass'n*, 2016 WL 9184999, at *2.

*Sanai v. Kruger*, No. 23-cv-01057-AMO, 2023 WL 5496802, at *2 (N.D. Cal. Aug. 24, 2023).

4. Here, for the reasons stated in Plaintiffs' briefing in support of their motion for a preliminary injunction, Plaintiffs respectfully submit that they have made a strong showing of likely success on the merits and that the balance of harms and public interest favor issuance of the requested injunction. While this Court rejected Plaintiffs' arguments in its September 5, 2023 order, Plaintiffs respectfully submit that:

(a) Although this Court rejected Plaintiffs' arguments regarding the insufficiency of the environmental analysis for the Sunnyside and Flux Canyon Projects, those arguments present, at minimum, difficult questions under Ninth Circuit authority,

2

including *Bark v. U.S. Forest Serv.*, 958 F.3d 865 (9th Cir. 2020); *N. Plains Res. Council v. Surface Transp. Bd.*, 668 F.3d 1067 (9th Cir. 2011); *Te-Moak Tribe of W. Shoshone v. Dep't of Interior*, 608 F.3d 592 (9th Cir. 2010); *Sierra Club v. Bosworth*, 510 F.3d 1016 (9th Cir. 2007); *Great Basin Mine Watch v. Hankins*, 456 F.3d 955 (9th Cir. 2006); and *Found. for N. Am. Wild Sheep v. Dep't of Agric.*, 681 F.2d 1172 (9th Cir. 1982). Further, the Court's application of the 2020/2022 revisions to the National Environmental Policy Act regulations to the Flux Canyon Project addressed an issue of first impression regarding the appropriate scope of analysis for a categorical exclusion determination under those regulations. *See* ECF No. 48 at 15. Plaintiffs' ability to secure meaningful relief should be preserved pending appeal in the event that the Ninth Circuit reaches different conclusions on these issues than was reached by this Court.

(b) This Court's discussion regarding impacts to Mexican spotted owls, a threatened species under the Endangered Species Act, acknowledged that Federal Defendants misconstrued cited scientific evidence concerning the effects of project noise on the owls. *See* ECF No. 48 at 10-11. Nevertheless, the Court determined the challenged projects would not cause significant impacts or irreparable harm to the owls, and in doing so relied significantly on the scale of the localized project impacts in comparison to the owls' total designated critical habitat acreage. *See id.* at 10-11, 13. Plaintiffs' ability to secure meaningful relief should be preserved pending appeal in the event that the Ninth Circuit reaches different conclusions regarding impacts to the owls in light of *Anderson v. Evans*, 314 F.3d 1006 (9th Cir. 2002) and *Greater Yellowstone Coal. v. Flowers*, 359 F.3d 1257 (10th Cir. 2004) and 321 F.3d 1250 (10th Cir. 2003).

(c) This Court rejected Plaintiffs' arguments concerning the threat of irreparable harm to Plaintiffs' aesthetic and recreational interests in the undisturbed environment of the project areas in light of factors including the scale of the projects' physical impacts in comparison to the Coronado National Forest and the nature of permissible tree removals. *See* ECF No. 48 at 12-13, 18. In the event that the Ninth Circuit reaches a different conclusion on these harm arguments in light of authorities

including *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011), Plaintiffs' opportunity to secure meaningful relief should be preserved.

5. Plaintiffs also request that this Court expedite briefing and disposition of this motion. Ground-disturbing development activities to implement the challenged project decisions may commence as of September 15, 2023, and Plaintiffs' ability to secure meaningful relief in this case is eroded with each day that such activities continue.

6. Finally, for the reasons stated in Plaintiffs' briefing in support of their motion for a preliminary injunction, no injunction bond or only a nominal bond should be required in this public interest environmental litigation.

Respectfully submitted this 8th day of September, 2023.

*/s/ Roger Flynn*
Roger Flynn (Colorado Bar No. 21078)
Jeffrey C. Parsons (Colorado Bar No. 30210)
Western Mining Action Project
PO Box 349, 440 Main Street, Suite 2
Lyons, CO 80540
wmap@igc.org
(303) 823-5738

Timothy J. Preso (Montana Bar No. 5255)
Earthjustice
PO Box 4743, 313 East Main Street
Bozeman, MT  59715-4743
tpreso@earthjustice.org
(406) 586-9699

Scott W. Stern (California Bar No. 336427)
Earthjustice
50 California Street, Suite 500
San Francisco, CA 94111
sstern@earthjustice.org
(415) 217-2117

*Attorneys for Plaintiffs*

<u>Certificate of Service</u>

I hereby certify that on September 8, 2023, I electronically filed the foregoing with the Clerk of this Court using the Court's ECF's system, and that all of participants in the case are registered ECF users and that service will be accomplished by the ECF system.

*/s/ Roger Flynn*

5