**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patagonia Area Resource Alliance, et al., | No. CV-23-00280-TUC-JGZ |
| Plaintiffs, | **ORDER** |
| v. | |
| United States Forest Service, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' Motion for Injunction Pending Appeal and Expedited Ruling. (Doc. 51.) Pursuant to Federal Rule of Civil Procedure 62(d), Plaintiffs request that the Court grant an injunction pending appeal to prohibit implementation of the U.S. Forest Service's approval decisions for the Sunnyside Project and Flux Canyon Project until resolution of Plaintiffs' appeal of this Court's Order denying their motion for preliminary injunction (Doc. 48). Plaintiffs request an expedited ruling as ground-disturbing development activities to implement the challenged project decisions may commence as of September 15, 2023. (Doc. 51 at 5.) The Federal Defendants and Intervenors South 32 and Arizona Standard LLC oppose the motion. (Docs. 53, 54, 55.) For the following reasons, the Court will deny the motion for injunction pending appeal.

In deciding whether to grant a stay, "a court considers four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where

the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (cleaned up). "The first two factors are the most critical; the last two are reached only once an applicant satisfies the first two factors." *Al Otro Lado v. Wolf*, 952 F.3d 999, 1007 (9th Cir. 2020) (cleaned up). Under the Ninth Circuit's sliding scale approach to preliminary injunctions, "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

Plaintiffs request a stay "for the reasons stated in Plaintiffs' briefing in support of their motion for a preliminary injunction." (Doc. 51 at 3.) The Court is aware that its denial of a motion for injunction does not foreclose its authority to stay operations while the appeals court considers Plaintiffs' claims. *See Sanai v. Kruger*, No. 23-cv-01057-AMO, 2023 WL 5496802, at *2 (N.D. Cal. Aug. 24, 2023). Yet here, the Court concludes, as the Court in *Sanai* did, that Plaintiffs fail to make the strong showing required for issuance of an injunction pending appeal. The Court can neither conclude that Plaintiffs are likely to succeed on the merits nor that they will be irreparably injured absent a stay. The Court addressed Plaintiffs' same arguments in the order denying the motion for preliminary injunction. (*See* Doc. 48.) Plaintiffs present no additional arguments in support of their motion for injunction pending appeal, nor highlight any facts or law that the Court overlooked. Thus, the Court finds no basis to grant the motion.

Accordingly, **IT IS ORDERED** that Plaintiffs' Motion for Injunction Pending Appeal and Expedited Ruling (Doc. 51) is DENIED.

Dated this 13th day of September, 2023.

Jennifer G. Zipps
United States District Judge