ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

ANDREW A. SMITH (NM Bar No. 8341)
Senior Trial Attorney
Natural Resources Section
c/o United States Attorney's Office
201 Third Street, N.W., Suite 900
Albuquerque, New Mexico 87103
(505) 224-1468
andrew.smith@usdoj.gov

*Attorneys for Federal Defendants*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| **Patagonia Area Resource Alliance, et al.,** | ) |
| Plaintiffs, | ) No. 4:23-cv-00280-TUC-JGZ |
| v. | ) |
| **United States Forest Service, et al.,** | ) **FEDERAL DEFENDANTS'** |
| Federal Defendants. | ) **ANSWER TO PLAINTIFFS'** |
|  | ) **SECOND AMENDED** |
| and | ) **COMPLAINT, ECF NO. 116** |
|  | ) |
| **Arizona Standard, LLC, et al.,** | ) |
| Defendant-Intervenors. | ) |

**PREFATORY NOTE**

Plaintiffs' claims are reviewable, if at all, in accordance with the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706.  Under the APA, the Court is not a fact finder.  Rather, this Court's role is closer to that of an appellate tribunal, reviewing the administrative records that were before the federal agencies at the time they made the challenged decisions to determine whether those administrative records support the agencies' decisions or whether the agencies' decisions are arbitrary, capricious, or otherwise contrary to law.  5 U.S.C. § 706; *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729 (1985).  This standard of review is "highly deferential" to the subject matter expertise of the agencies Congress has entrusted with primary jurisdiction over federal lands.  *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 601 (9th Cir. 2014).  And the Ninth Circuit has repeatedly instructed that the scope of judicial review of agency action is limited to the administrative record.  *See, e.g.*, *Lands Council v. Powell*, 395 F.3d 1019 (9th Cir. 2005); *Northcoast Envtl. Ctr. v. Glickman*, 136 F.3d 660, 665 (9th Cir. 1998).

Accordingly, judicial review of federal agency action is a unique procedure, different in both nature and scope from the procedures used to resolve other civil actions within the original jurisdiction of the federal district courts.  *See, e.g.*, *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579 (10th Cir. 1994) (stating that a "complaint" (and, hence, an "answer") was not the appropriate vehicle for initiating judicial review under the APA).  Nonetheless, as a matter of judicial efficiency, Federal Defendants Kerwin S. Dewberry, in his official capacity as Forest Supervisor of the Coronado National Forest, the United States Forest Service, and the United States Fish and Wildlife Service by and through their undersigned counsel, submit the following "Answer" to the claims and allegations in Plaintiffs' September 30, 2025 Second Amended Complaint ("Complaint") (ECF No. 116) challenging the Sunnyside Mineral Exploration Project.

The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint. Where a sentence in the Complaint is followed by a citation, this Answer treats the citation as part of the preceding sentence.

## "INTRODUCTION"[1]

1. The allegations that the Patagonia Mountains are "one of the most biologically diverse mountain ranges in the United States," and they "provide the municipal water source for nearby communities" are vague or statements of opinion. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, and on this basis deny them. The allegations regarding the jaguars and ocelots are overly broad generalized, and so inaccurate, and on this basis Federal Defendants deny those allegations. Federal Defendants admit the remainder of the allegations.

2. Federal Defendants deny the allegations in the first and second sentences. Federal Defendants admit the allegations in the third sentence that the Forest Service approved a Plan of Operations for the Sunnyside Exploration Drilling Project on September 7, 2023. Federal Defendants admit the allegation in the fourth sentence that the Sunnyside Project allows for drilling, but on no more than two drill pads at once, with operations occurring up to 24 hours a day and 7 days a week. Federal Defendants deny the remaining allegations.

3. Federal Defendants deny the allegations.

4. The first and second sentences consists of conclusions of law, which require no response. Federal Defendants admit that the allegation in the third sentence that the Forest Service engaged in formal consultation with the U.S. Fish and Wildlife Service. The fourth and seventh sentences purports to characterize the Biological Opinion and NEPA Decision for the Sunnyside Project, which are part of the Administrative Records

---

[1] The section headings and subheadings used in this Answer follow the headings and subheadings use in Plaintiffs' Second Amended Complaint and are included solely for the purpose of organizational convenience in matching the answers provided herein with the allegations made in the Second Amended Complaint. The headings are not part of Federal Defendants' responses to the allegations.

for this case and speak for themselves.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.  Federal Defendants deny the allegations in the fifth and sixth sentences.

5.    Federal Defendants deny the allegations and deny any violation of law.

6.    Federal Defendants deny the allegations, deny that Plaintiffs are entitled to their requested relief (or any relief whatsoever), and deny any violation of law.

## "JURISDICTION AND VENUE"

7.    The allegations consist of conclusions of law concerning jurisdiction, which require no response.

8.    The allegations consist of conclusions of law, which require no response.

9.    The allegations consist of conclusions of law regarding venue, which require no response.

10.    The allegations consist of conclusions of law regarding venue, and thus require no response.

11.    Federal Defendants admit that they received a communication from Plaintiffs titled "Sixty-Day Notice of Intent to Sue to Remedy Violations of the Endangered Species Act" which was dated July 13, 2023.  The remaining allegations consist of conclusions of law, which require no response.

## "PARTIES"

12.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and, on that basis, deny the allegations.

13.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and, on that basis, deny the allegations.

14.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and, on that basis, deny the allegations.

15.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and, on that basis, deny the allegations.

16.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and, on that basis, deny the allegations.

17.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and, on that basis, deny the allegations.

18.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and, on that basis, deny the allegations.

19.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and, on that basis, deny the allegations.

20.     Defendants deny the allegation in the second sentence that the challenged mineral exploration project will adversely affect biodiversity in the Patagonia Mountains. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations, and, on that basis, deny the allegations.

21.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and, on that basis, deny the allegations.

22.     Federal Defendants deny the allegations, deny that Plaintiffs or their members have suffered (or will suffer) any harm to their recreational or aesthetic interests in the Coronado National Forest, deny the Plaintiffs have suffered (or will suffer) any other harm fairly traceable to Federal Defendants, and deny any violation of law.

23.     Federal Defendants deny the allegations, deny that Plaintiffs or their members have suffered (or will suffer) any harm to their recreational or aesthetic interests in the Coronado National Forest, deny the Plaintiffs have suffered (or will suffer) any other harm traceable to Federal Defendants, and deny any violation of law.

24.     Federal Defendants admit that Plaintiffs submitted comments during the public comment period and administrative objections during the pre-decisional administrative review period.  Federal Defendants further admit that they received a "60-Day Notice of Intent to Sue to Remedy Violations of the Endangered Species Act" dated July 13, 2023. The timeliness of comments submitted by Plaintiffs is a legal conclusion, which requires no response.  If Plaintiffs brief any claims at summary judgment that were not preserved

in their comments, objections, and letter, Federal Defendants will object to those claims at that time.  Federal Defendants deny the remaining allegations.

25.    The allegations consist of conclusions of law and thus require no response.

26.    The allegations consist of conclusions of law and thus require no response.

27.    The allegations consist of conclusions of law and thus require no response.

**"LEGAL BACKGROUD"**

**I. The Endangered Species Act**

28.    The allegations purport to quote from and characterize the Endangered Species Act and caselaw interpreting the Act, asserting legal conclusions that require no response. Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

29.    The allegations purport to quote from and characterize the Endangered Species Act, asserting legal conclusions that require no response.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

30.    The allegations purport to quote from and characterize the Endangered Species Act, asserting legal conclusions that require no response.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

31.    The allegations purport to quote from and characterize the Endangered Species Act, asserting legal conclusions that require no response.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

32.    The allegations purport to quote from and characterize the Endangered Species Act and caselaw interpreting the Act, asserting legal conclusions that require no response. Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

33.     The allegations purport to quote from and characterize the Endangered Species Act, caselaw interpreting the Act, and regulations implementing the Act, asserting legal conclusions that require no response.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

34.     The allegations purport to quote from and characterize the Endangered Species Act, caselaw interpreting the Act, and regulations implementing the Act, asserting legal conclusions that require no response.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

35.     The allegations purport to quote from and characterize the Endangered Species Act and regulations implementing the Act, asserting legal conclusions that require no response.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

36.     The allegations purport to quote from and characterize the Endangered Species Act and caselaw interpreting the Act, asserting legal conclusions that require no response. Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

37.     The allegations purport to quote from and characterize the Endangered Species Act, asserting legal conclusions that require no response.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

38.     The allegations purport to quote from and characterize the Endangered Species Act and regulations implementing the Act, asserting legal conclusions that require no response.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

**II. The National Environmental Policy Act**

39.     The allegations purport to quote from and characterize the National Environmental Policy Act (NEPA) and caselaw interpreting NEPA, asserting legal conclusions that require no response.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

40.     The allegations purport to quote from and characterize NEPA and NEPA's implementing regulations, asserting legal conclusions that require no response.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

41.     The allegations purport to quote from and characterize NEPA's implementing regulations and caselaw interpreting NEPA, asserting legal conclusions that require no response.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

42.     The allegations purport to quote from and characterize NEPA's implementing regulations, asserting legal conclusions that require no response.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

43.     The allegations purport to quote from and characterize NEPA's implementing regulations and caselaw, asserting legal conclusions that require no response.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

44.     The allegations purport to quote from and characterize NEPA's implementing regulations and caselaw interpreting NEPA, asserting legal conclusions that require no response.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

45.    The allegations purport to quote from and characterize caselaw interpreting NEPA, asserting legal conclusions that require no response.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

46.    The allegations purport to quote from and characterize NEPA's implementing regulations and caselaw interpreting NEPA, asserting legal conclusions that require no response.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

47.    Federal Defendants admit the allegations in the first sentence.  The remaining allegations consist of conclusions of law and thus require no response.

48.    The allegations purport to quote from and characterize the Fiscal Responsibility Act of 2023 and caselaw on retroactive application of statutes, asserting legal conclusions that require no response.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

**III. The Administrative Procedure Act**

49.    The allegations purport to quote from the Administrative Procedure Act (APA), asserting legal conclusions that require no response.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

50.    The allegations purport to quote from the Administrative Procedure Act (APA), asserting legal conclusions that require no response.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

**"FACTUAL BACKGROUND"**

I.    **The Patagonia Mountains**

51.     Federal Defendants admit the allegations that the Patagonia Mountains are located in the Coronado National Forest, run north from the Mexican border, and are approximately 50 miles southeast of Tucson, Arizona.  The remaining allegations are vague or statements of opinion.  Federal Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, and on that basis deny them.

52.     Federal Defendants deny the allegation that the Patagonia Mountains are known for wet summers.  The remaining allegations are vague or statements of opinion.  Federal Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, and on that basis deny them.

53.     Federal Defendants admit the allegations that the Patagonia Mountains contain the tributaries of Sonoita creek.  The remaining allegations are vague, overbroad, or statements of opinion.   Federal Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, and on that basis deny them.

**II.     Endangered and Threatened Species in the Area**

54.     The allegation in the first sentence that the Patagonia Mountains "are a region of tremendous biodiversity" is vague or a statement of opinion.  Federal Defendants lack the knowledge or information sufficient to form a belief as to the truth of that allegation, and on that basis deny it.  Federal Defendants deny the allegations in the second sentence that the beardless chinchweed, Chiricahua leopard frog, and Huachuca water-umbel are present in the Patagonia Mountains.  Federal Defendants admit the remaining allegations.

55.     Federal Defendants admit the allegations in the first sentence.  The allegations in the second sentence are vague.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny them.  Federal Defendants admit the allegations in the third and fourth sentences.  The allegations in the fifth and sixth sentences are vague.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them.  The seventh sentence purport to characterize a March 16, 1993 rule in

the federal register, which speaks for itself and contains the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.  The eighth sentence purports to characterize an August 31, 2004 rule in the federal register, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.  Federal Defendants admit the allegations in the ninth sentence.  The tenth and eleventh sentences purport to characterize the 2012 revision of the Mexican Spotted Owl Recovery Plan, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

56.    Federal Defendants admit the allegations of the first sentence and admit that Western yellow-billed cuckoos are present in parts of the Patagonia Mountains.  The allegations in the second and fifth sentences are vague or statements of opinion.  Federal Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, and on that basis deny them.  The remaining allegations purport to characterize documents and statements on websites, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

57.    Federal Defendants admit the allegations in the first sentence.  The allegations in the second sentence are vague or statements of opinion.  Federal Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, and on that basis deny them.  Federal Defendants admit the allegations in the third sentence.  The allegations in the fourth sentence purport to characterize a March 30, 1972 rule in the Federal Register, which speaks for itself is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, context, and

meaning of the final determinations of the agencies in the Administrative Records.
Federal Defendants admit the allegations in the sixth, seventh, and ninth sentences that a
jaguar known as El Jefe has been observed in the Santa Rita mountains and that two or
three other jaguars have been observed in the area since.  The remaining allegations in the
fifth, sixth, and seventh sentences are vague.  Federal Defendants lack knowledge or
information sufficient to form a belief about the truth of those allegations, and on that
basis deny them. The allegations in the eighth sentence purport to characterize a March 5,
2014 rule in the Federal Register, which speaks for itself is the best evidence of its
contents.  Federal Defendants deny any allegations contrary to the plain language,
context, and meaning of the final determinations of the agencies in the Administrative
Records.

58.    The allegations purport to quote from and characterize a notice in the federal
register and an article, which speak for themselves and are the best evidence of their
contents.  Federal Defendants deny any allegations contrary to the plain language,
context, and meaning of the final determinations of the agencies in the Administrative
Records.

59.    Federal Defendants admit the allegations in the first sentence.  Federal
Defendants lack knowledge or information sufficient to form a belief about the truth of
the allegations of the second sentence, and on this basis deny them.  Federal Defendants
aver that there is no breeding population of ocelots in Arizona.  The third sentence
purports to characterize March 30, 1972 and July 21, 1982 rules in the Federal Register,
which speak for themselves are the best evidence of their contents Federal Defendants
deny any allegations contrary to the plain language, context, and meaning of the final
determinations of the agencies in the Administrative Records.  The remaining allegations
are vague or statements of opinion.  Federal Defendants lack knowledge or information
sufficient to form a belief about the truth of those allegations, and on that basis deny
them.

### III.    The Sunnyside Project

60.     Federal Defendants admit the allegations but aver that the original Plan of Operations for the Sunnyside Project was submitted to the Forest Service on June 14, 2011.

61.     The allegations purport to characterize the June 14, 2011 Plan of Operations for the Sunnyside Project, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

62.     The allegations purport to characterize unspecified revisions to the April 1, 2011 Plan of Operations for the Sunnyside Project, documents that speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

63.     The first sentence purports to characterize various unspecified comments submitted by PARA and other conservation organizations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records. The second and third sentences purport to characterize the September 12, 2014 Decision Memorandum for the Sunnyside Project, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

64.     The allegations purport to characterize court documents from an earlier case, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

65.     The allegations purport to characterize the April 8, 2015 Decision Memorandum for the Sunnyside Project, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language,

context, and meaning of the final determinations of the agencies in the Administrative Records.

66.     Federal Defendants admit the allegations in the first sentence.  The remaining allegations purport to characterize a September 15, 2015 District Court Order, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

67.     Federal Defendants admit the allegation in the first sentence that the current proponent for the Sunnyside Project is Arizona Standard, LLC, a subsidiary of Barksdale Capital Corporation.  Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the first sentence, and on this basis deny them.  The second sentence purports to characterize a 2019 revision to the Plan of Operations for Sunnyside Project, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.  The third and fourth sentences purport to characterize the December 1, 2022 Biological Opinion for the Sunnyside Project, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.  Federal Defendants deny the allegations in the fifth sentence, but aver that Arizona Standard submitted multiple revised Plans of Operations in 2021.

68.     The allegations purport to characterize the Plan of Operations for the Sunnyside Project, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

69.     The allegations purport to quote from and characterize the Plan of Operations for the Sunnyside Project, which speaks for itself and is the best evidence of its contents.

Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

70.     Federal Defendants admit the allegations and aver that Table 5 of the final Sunnyside Plan of Operations contains the most current information on this issue. Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

71.     The allegations purport to quote from and characterize the January 2023 Environmental Assessment for the Sunnyside Project, which speaks for itself and is the best evidence for its contents. Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

72.     Federal Defendants admit the allegations in the first sentence. The allegations of the second sentence are vague or statements of opinion. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, and on this basis deny them. The allegations of the third sentence consist of conclusions of law, which require no response.

**IV.     Agency Efforts to Comply with ESA: Sunnyside Project**

73.     Federal Defendants admit the allegations of the first sentence. The remaining allegations purport to characterize the August 2020 Biological Assessment for the Sunnyside Project, which speaks for itself and is the best evidence for its contents. Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

74.     The allegations in the first sentence purports to characterize an August 6, 2020 communication between the USFS and the FWS, which speaks for itself and is the best evidence for its contents. Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records. The remaining allegations purport to quote from and characterize the December 1, 2022 Biological Opinion for the Sunnyside Project, which

1    speaks for itself and is the best evidence for its contents.  Federal Defendants deny any

2    allegations contrary to the plain language, context, and meaning of the final

3    determinations of the agencies in the Administrative Records.

4        **V.    Agency Efforts to Comply with NEPA: Sunnyside Project**

5        75.    Federal Defendants admit the allegations in the first and second sentences.

6    The remaining allegations purport to quote from and characterize comments to the March

7    2, 2021 Draft EA for the Sunnyside Project, which speak for themselves and are the best

8    evidence for their contents.  Federal Defendants deny any allegations contrary to the plain

9    language, context, and meaning of the final determinations of the agencies in the

10   Administrative Records, deny that those comments have merit, and deny the violations of

11   law alleged in those comments.

12       76.    Federal Defendants admit the allegation in the first sentence that responses to

13   the comments were published in June of 2023.  Federal Defendants deny the remaining

14   allegations in the first sentence.  The remaining allegations purport to quote from and

15   characterize the Response to Comments on the Sunnyside Project, which speaks for itself

16   and is the best evidence for its contents.  Federal Defendants deny any allegations

17   contrary to the plain language, context, and meaning of the final determinations of the

18   agencies in the Administrative Records.

19       77.    Federal Defendants admit the allegations.

20       78.    Federal Defendants admit the allegations in the first sentence.  The remaining

21   allegations purport to quote from and characterize objections to the Sunnyside Project,

22   which speak for themselves and are the best evidence of their contents.  Federal

23   Defendants deny any allegations contrary to the plain language, context, and meaning of

24   the final determinations of the agencies in the Administrative Records, deny that the

25   objections have merit, and deny the violations of law alleged in those objections.

26       79.    The allegations purport to characterize comments and objections to the

27   Sunnyside Project, which speak for themselves and are the best evidence of their

28   contents.  Federal Defendants deny any allegations contrary to the plain language,

context, or meaning of those comments and objections, deny that those comments and objections have merit, and deny the violations of law alleged in the comments and objections.

80.     Federal Defendants admit the allegations in the first and last sentences.  The remaining allegations purport to quote from and characterize the May 25, 2023 Response to Plaintiff's Objections to the Sunnyside Project, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

81.     Federal Defendants admit the allegations.

82.     The allegations purport to quote from and characterize regulations, asserting legal conclusions that require no response.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

**"ERRORS IN THE ESA PROCESS"**

83.     Federal Defendants deny the allegations.

84.     Federal Defendants deny the allegations and deny any violation of law.

**I. Failure to Use Best Available Science Regarding Owl Impacts**

85.     Federal Defendants deny the allegations and deny any violation of law.

86.     The allegations purport to quote from and characterize the Biological Opinion for the Sunnyside Project, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records, deny any error in preparing the Biological Opinion, and deny any violation of law.

87.     The allegations in the first three sentences purport to characterize a 1999 study by David K. Delaney and others, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative

Records.  The remaining allegations purport to characterize the Biological Opinion for the Sunnyside Project, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records, deny any error in preparing the Biological Opinion, and deny any violation of law.

88.    The allegations purport to characterize a 1999 study by David K. Delaney and others and the Biological Opinion for the Sunnyside Project, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

89.    Federal Defendants deny the allegations in the first two sentences and deny any violation of law.  The remaining allegations purport to quote from and characterize scientific papers, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

90.    Federal Defendants deny the allegations in the first two sentences.  The remaining allegations purport to characterize the Biological Assessment for the Sunnyside Project, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records, deny any error in preparing the Biological Assessment, and deny any violation of law.

91.    Federal Defendants deny the allegations and deny any violation of law.

92.    Federal Defendants deny the allegations and deny any violation of law.

**II. Disregard of Relevant Information About Project Impacts**

93.    Federal Defendants deny the allegations and deny any violation of law.

94.    Federal Defendants deny the allegations and deny any violation of law.

95.    Federal Defendants deny the allegations and deny any violation of law.

**"ERRORS IN THE NEPA PROCESS"**

1    96.    Federal Defendants deny the allegations and deny any violation of law.

2    **I. Failure to Consider the Sunnyside Project's Cumulative Impacts**

3    97.    Federal Defendants deny the allegations in the first sentence and deny any

4    violation of law.  The allegations of the second and third sentences (including the

5    standalone parenthetical) are vague or statements of opinion.  Federal Defendants lack

6    knowledge or information sufficient to form a belief about the truth of the allegations,

7    and on that basis deny them.  Federal Defendants deny the allegations in the last sentence

8    and deny any violation of law.

9    98.    The allegations in the first and second sentences purport to characterize the

10    Environmental Assessment and Biological Opinion for the Sunnyside Project, which

11    speak for themselves and are the best evidence of their contents.  Federal Defendants

12    deny any allegations contrary to the plain language, context, and meaning of the final

13    determinations of the agencies in the Administrative Records.  The allegations in the third

14    sentence purport to quote from and characterize a webpage, which speaks for itself and is

15    the best evidence of its contents.  Federal Defendants deny any allegations contrary to the

16    plain language, context, and meaning of the final determinations of the agencies in the

17    Administrative Records.  The allegations in the fourth and fifth sentences are vague or

18    statements of opinion.  Federal Defendants lack knowledge or information sufficient to

19    form a belief about the truth of the allegations, and on that basis deny them.  The

20    allegations in the sixth sentence purport to characterize the Environmental Assessment

21    for the Sunnyside Project, which speaks for itself and is the best evidence of its contents.

22    Federal Defendants deny any allegations contrary to the plain language, context, and

23    meaning of the final determinations of the agencies in the Administrative Records and

24    deny any violation of law.

25    99.    Federal Defendants deny the allegations.

26    100.    Federal Defendants deny the allegations in the first sentence.  The allegations

27    in the second sentence purport to characterize a filing in this case, which speaks for itself

28

and contains the best evidence of its contents.  Federal Defendants admit that the Forest Service completed a "Supplemental Information Report" ("SIR") in October 2024.

101.    Federal Defendants admit that Plaintiffs provided the Forest Service with a letter dated September 16, 2024.  The remaining allegations purport to characterize that letter, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records and deny any violation of law.

102.    The allegations purport to characterize the SIR, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records and deny any violation of law.

103.    The allegations in the first three sentences purport to quote from and characterize the Environmental Assessment and Biological Assessment for the Sunnyside Project, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.  The allegations in the fourth and fifth sentences purport to characterize a webpage, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.  Federal Defendants deny the allegations in the sixth sentence.

104.    The allegations in the second sentence purport to quote from and characterize a response to objections on the Sunnyside Project.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.  Federal Defendants deny the remaining allegations and deny any violation of law.

105.    Federal Defendants admit the allegation in the first sentence that the Sunnyside Project will not result in significant adverse effects to ESA-listed species.  Federal Defendants deny the remaining allegations and deny any violation of law.

**II. Failure to Adequately Analyze Threats to Groundwater Quality**

106.    Federal Defendants deny the allegations in the first and last sentences.  The remaining allegations purport to quote from and characterize the Plan of Operations and Environmental Assessment for the Sunnyside Project, the Decision Notice, and an unidentified "hydrologist evaluation."  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

107.    Federal Defendants deny the allegations of the first sentence.  The remaining allegations purport to quote from and characterize various documents, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

108.    The allegations in the second sentence purport to quote from and characterize the June 24, 2022 Water Resources Report and the Environmental Assessment for the Sunnyside Project, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.  Federal Defendants deny the remaining allegations.

109.    The allegations in the first and last clause of the last sentence purport to quote from and characterize the Environmental Assessment for the Sunnyside Project, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.  Federal Defendants deny the remaining allegations.

1   **III. Failure to Properly Consider Scientific Objections Regarding the Sunnyside**

2        **Project**

3      110.    Federal Defendants deny the allegations in the first sentence.  The remaining

4   allegations purport to quote from and characterize objections and responses to objections

5   for the Sunnyside Project, which speak for themselves and are the best evidence of their

6   contents.  Federal Defendants deny any allegations contrary to the plain language,

7   context, and meaning of the final determinations of the agencies in the Administrative

8   Records, deny that the objections have merit, and deny the violations of law alleged in

9   the objections.

10      111.    Federal Defendants admit the allegations in the third and fourth sentences.  The

11   allegations in the seventh sentence purport to characterize the Forest Service's response

12   to objections, which speaks for itself and is the best evidence of its contents.  Federal

13   Defendants deny any allegations contrary to the plain language, context, and meaning of

14   the final determinations of the agencies in the Administrative Records.  Federal

15   Defendants deny the remaining allegations.

16               **"FIRST CLAIM FOR RELIEF"**

17   **"(Violation of ESA and APA--Failure to Use Best Scientific and Commercial Data**

18           **Available in Analyzing Impacts of the Sunnyside Project)"**

19      112.    Federal Defendants incorporate all preceding paragraphs in this Answer.

20      113.    The allegations purport to quote from and characterize the Endangered Species

21   Act, asserting legal conclusions that require no response.  Federal Defendants deny any

22   allegations contrary to the plain language, context, and meaning of the final

23   determinations of the agencies in the Administrative Records.

24      114.    Federal Defendants deny the allegations and deny any violation of law.

25      115.    Federal Defendants deny the allegations and deny any violation of law.

26      116.    Federal Defendants deny the allegations and deny any violation of law.

27      117.    Federal Defendants deny the allegations and deny any violation of law.

28               **"SECOND CLAIM FOR RELIEF"**

1     **"(Violation of ESA and APA – Arbitrary Disregard of Relevant Factors in**

2     **Evaluating Project Impacts on ESA-Listed Species)"**

3     118.    Federal Defendants incorporate all preceding paragraphs in this Answer.

4     119.    The allegations purport to quote from and characterize the Endangered Species

5 Act and caselaw interpreting the act, asserting legal conclusions that require no response.

6 Federal Defendants deny any allegations contrary to the plain language, context, and

7 meaning of the final determinations of the agencies in the Administrative Records.

8     120.    Federal Defendants deny the allegations and deny any violation of law.

9     121.    Federal Defendants deny the allegations and deny any violation of law.

10     122.    Federal Defendants deny the allegations and deny any violation of law.

11     **"THIRD CLAIM FOR RELIEF"**

12     **"(Violation of NEPA and APA – Arbitrary and Capricious Analysis of Cumulative**

13     **Impacts of the Sunnyside Projects)"**

14     123.    Federal Defendants incorporate all preceding paragraphs in this Answer.

15     124.    The allegations purport to quote from and characterize NEPA, its

16 implementing regulations, and caselaw interpreting NEPA, asserting legal conclusions

17 that require no response.  Federal Defendants deny any allegations contrary to the plain

18 language, context, and meaning of the final determinations of the agencies in the

19 Administrative Records.

20     125.    The allegations purport to quote from and characterize caselaw interpreting

21 NEPA, asserting legal conclusions that require no response.  Federal Defendants deny

22 any allegations contrary to the plain language, context, and meaning of the final

23 determinations of the agencies in the Administrative Records.

24     126.    Federal Defendants deny the allegations and deny any violation of law.

25     127.    Federal Defendants deny the allegations and deny any violation of law.

26     128.    Federal Defendants deny the allegations and deny any violation of law.

27     **"FOURTH CLAIM FOR RELIEF"**

28

**"(Violation of NEPA and APA – Agency Action Unlawfully Withheld Due to Failure to Prepare Supplemental Environmental Analysis)"**

129.    Federal Defendants incorporate all preceding paragraphs in this Answer.

130.    The allegations purport to quote from and characterize NEPA, its implementing regulations, and caselaw interpreting NEPA, asserting legal conclusions that require no response.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

131.    Federal Defendants deny the allegations and deny any violation of law.

132.    Federal Defendants deny the allegations and deny any violation of law.

133.    Federal Defendants deny the allegations and deny any violation of law.

**"FIFTH CLAIM FOR RELIEF"**

**"(Violation of NEPA and APA-Arbitrary and Capricious Analysis of Threats to Groundwater in the Sunnyside Project Area)"**

134.    Federal Defendants incorporate all preceding paragraphs in this Answer.

135.    The allegations purport to quote from and characterize NEPA and caselaw interpreting NEPA, asserting legal conclusions that require no response.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

136.    The allegations purport to quote from and characterize NEPA and caselaw interpreting NEPA, asserting legal conclusions that require no response.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

137.    Federal Defendants deny the allegations and deny any violation of law.

138.    Federal Defendants deny the allegations and deny any violation of law.

**"SIXTH CLAIM FOR RELIEF"**

**"(Violation of NEPA, 36 C.F.R. § 218.8(c), and APA—Arbitrary and Capricious Rejection of Scientific Objections Regarding the Sunnyside Project)"**

139.    Federal Defendants incorporate all preceding paragraphs in this Answer.

140.    The allegations purport to quote from and characterize NEPA, its implementing regulations, and caselaw interpreting NEPA, asserting legal conclusions that require no response.  Federal Defendants deny any allegations contrary to the plain language, context, and meaning of the final determinations of the agencies in the Administrative Records.

141.    Federal Defendants deny the allegations and deny any violation of law.

142.    Federal Defendants deny the allegations and deny any violation of law.

143.    Federal Defendants deny the allegations and deny any violation of law.

### "REQUEST FOR RELIEF"

The remaining allegations set forth in the Second Amended Complaint (pages 64-65) consist of Plaintiffs' prayers for relief, which require no response.  Federal Defendants deny any violation of law and deny that Plaintiffs are entitled to their requested relief or any relief whatsoever.

### GENERAL DENIAL

Federal Defendants deny all allegations in the Second Amended Complaint, whether express or implied, that are not otherwise specifically admitted, denied, or qualified herein.

### DEFENSES

1.    Plaintiffs lack standing to raise some or all of their claims.

2.    Plaintiffs' allegations fail to state a claim upon which relief may be granted.

3.    Plaintiffs have waived or failed to exhaust some or all of their claims.

4.    Some or all of Plaintiffs' claims are moot.


Submitted this 14th day of October, 2025,


ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Andrew A. Smith*
ANDREW A. SMITH
Senior Trial Attorney
Natural Resources Section
c/o United States Attorney's Office
201 Third Street, N.W., Suite 900
Albuquerque, New Mexico 87102
Phone: (202) 598-3803
andrew.smith@usdoj.gov

*Attorneys for Federal Defendants*